UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
OLUSOLA ALAMU, JACQUELINE COOPER-
DAVIS, and ALLA KOZINSKAIA,

*on behalf of themselves and all other employees similarly situated,*

                            Plaintiffs,

   - against -

THE BRONX-LEBANON HOSPITAL CENTER, THE BRONX-LEBANON HOSPITAL CENTER-FULTON DIVISION, THE BRONX-LEBANON HOSPITAL CENTER-CONCOURSE DIVISION, MIGUEL A. FUENTES, JR., and SHELDON ORTSMAN,

                            Defendants.
------------------------------------------------------------------- X

Docket No.:

11 Civ. 6366 (PAC) (RLE)


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS


RESPECTFULLY SUBMITTED,

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP
Attorneys for Defendants
150 East 42nd Street
New York, New York 10017-5639
(212) 490 – 3000
File No.: 08981.00063


COUNSEL:    RICKI E. ROER
                    NANCY V. WRIGHT
                    SCOTT R. ABRAHAM

4930679.7

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendants Bronx-Lebanon Hospital Center's (the "Hospital") (incorrectly sued herein as The Bronx-Lebanon Hospital Center, The Bronx-Lebanon Hospital Center-Fulton Division, and The Bronx-Lebanon Hospital Center-Concourse Division), Miguel A. Fuentes, Jr.'s, and Sheldon Ortsman's (collectively the "Bronx-Lebanon defendants") Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' complaint in its entirety. This motion is made in lieu of an answer.

This is plaintiffs' second attempt to file suit against the defendants. Plaintiffs' first lawsuit proffered the *exact same* Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") claims that are asserted herein; those claims have already been dismissed by this Court. *Nakahata v. New York-Presbyterian Health-Care Sys.*, 2011 U.S. Dist. LEXIS 8585, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011). Instead of amending their claims, plaintiffs instead initiated this second lawsuit, which contains virtually identical boilerplate claims as those contained in plaintiffs' first suit[1] and in the identical suits plaintiffs' counsel has filed against at least three other hospital systems.[2] Annexed hereto as Exhibit "A" is a copy of plaintiffs' captioned (second) lawsuit (without exhibits) and as Exhibit "B" is this Court's dismissal of plaintiffs' first suit.

Defendants specifically incorporate herein the bases for pre-answer dismissal set forth in the defendants' motions in *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, Docket

---

[1] The claims in plaintiffs' first and second suits are identical by necessity because none of the named plaintiffs have worked for the Hospital since the commencement of their first lawsuit. *See* Plaintiffs' Complaint, ¶¶ 91-93.

[2] *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 1:11-cv-06658 (PAC) (RLE); *Ali v. New York City Health and Hospitals Corporation*, 1:11-cv-06393 (PAC) (RLE); and, *Megginson v. Westchester Medical Center*, 1:11-cv-06657 (PAC) (THK).

1

No. 11-cv-6658 (PAC) (RLE) (Documents 18-20, 22-25)[3] because virtually identical boilerplate allegations have been proffered in both the captioned and *Nakahata* complaints.

Specifically, the Bronx-Lebanon defendants seek dismissal of plaintiffs' FLSA and NYLL claims on the following incorporated bases:

1. Plaintiffs were required and have again failed to plead their FLSA and NYLL claims with the requisite specificity and have again failed to adequately approximate the number of overtime hours they allegedly worked without compensation (*Nakahata* Brief No. 2, Point I (A) and (B));

2. There is no meritorious basis to plaintiffs' allegations that automatic deductions for meal breaks are unlawful under the FLSA or NYLL and plaintiffs have utterly failed to plead the existence of any violation or "illegal" workplace policies in their complaint (*Nakahata* Brief No. 2, Point I (C));

3. Plaintiffs' FLSA and NYLL claims are preempted by Section 301 of the Labor Management Relations Act because the terms of their employment, including their entitlement to wages and overtime compensation, are governed by the applicable collective bargaining agreements and plaintiffs' wage and overtime claims cannot be adjudicated without first analyzing the collective bargaining agreements (*Nakahata* Brief No. 2, Point II (A) and (B));

4. Plaintiffs have failed to exhaust their remedies via their respective collective bargaining agreements' mandatory grievance and arbitration procedures (*Nakahata* Brief No. 2, Point II (C) and (D));[4]

5. Plaintiffs Olusola Alamu's and Jacqueline Cooper-Davis' FLSA claims are time-barred because both individuals concede that their employment with the Hospital ceased well beyond the statutory time period (*see* Exhibit "A," ¶¶ 91, 92; *see also Nakahata* Brief No. 2, Point IV); and,

---

[3] Annexed hereto as Exhibits "C" and "D" are the memoranda of law incorporated herein of defendants New York-Presbyterian Healthcare System, Inc., Herbert Pardes and Wayne Osten ("*Nakahata* Brief No. 1"), and Defendant The New York and Presbyterian Hospital ("*Nakahata* Brief No. 2").

[4] The collective bargaining agreement grievance and arbitration procedures discussed in *Nakahata* Brief No. 2 are essentially the same as those applicable to the named plaintiffs during their employment with the Hospital.

2

6. Plaintiffs' conclusory allegations regarding the individually named defendants Miguel A. Fuentes, Jr. and Sheldon Ortsman are clearly insufficient to establish individual liability for statutory overtime violations (*see* Exhibit "A," ¶¶ 40-89; *see also Nakahata* Brief No. 1, Point II (A), (B), and (C)).

For purposes of judicial economy, the *Nakahata* legal arguments are incorporated herein. The Bronx-Lebanon defendants respectfully refer this Court to the *Nakahata* briefs regarding the clear legal insufficiencies of plaintiffs' boilerplate FLSA and NYLL claims. This brief will only address the specific issues unique to the named plaintiffs and individual defendants in this suit.

## STATEMENT OF FACTS

Bronx-Lebanon Hospital Center is a voluntary, not-for-profit health care system serving the South and Central Bronx, with 579 beds at two hospital divisions, the Fulton Division and Concourse Division. The Fulton Division is located at 1276 Fulton Avenue, Bronx, New York 10456, and the Concourse Division is located at 1650 Grand Concourse, Bronx, New York 10457. The Hospital currently employs 756 nonexempt hourly employees in the Fulton Division and 1,780 nonexempt hourly employees in the Concourse Division. These nonexempt hourly employees are employed in 284 different job classifications in 289 different departments/units. The job classifications entail both patient and non-patient care responsibilities. *See* Declaration of Selena Griffin-Mahon ("Griffin-Mahon Decl."), ¶¶ 2-3 and Exhibit "A" annexed thereto.

The majority of the Hospital's present nonexempt hourly employees are subject to the collective bargaining agreements ("CBA") bargained by and entered into between the League of Voluntary Hospitals and Homes of New York and 1199 SEIU United Healthcare Workers East ("1199") and the Hospital and New York State Nurses Association ("NYSNA"). The terms and conditions of employment of non-management employees, including the pay structure for all

3

classifications of employees, the terms and conditions for wages and overtime pay, and the provisions relating to meal and other breaks, are governed by the respective CBAs which were promulgated after considerable negotiations between the Hospital and the unions. *See* Griffin-Mahon Decl., ¶ 4.

Pursuant to the CBAs, nonexempt, full-time employees are limited to 35 or 37.5 hour workweeks depending on job classification. Non-union, nonexempt employees are limited to 35 hour workweeks. The various Hospital department/unit supervisors are empowered to assign overtime work to employees on a rotational basis and employees are not allowed to engage in any overtime work without prior express permission from their respective department/unit supervisors. The CBAs ensure that employees are properly compensated at a premium rate for any hours worked beyond the maximum amount bargained for by their respective unions, including time worked during meal breaks. In addition, the CBAs set forth grievance, mediation, and arbitration procedures for employees who allege violations of any of the provisions of the CBAs, including the wage and overtime clauses. *See* Griffin-Mahon Decl., ¶ 5 and Exhibits "B" and "C" annexed thereto; *see also* Exhibit "B" of Plaintiffs' Complaint (June 1, 2004 through April 30, 2008 1199 CBA); and Exhibit "C" of Plaintiffs' Complaint (July 1, 2007 through September 30, 2011 1199 CBA).

Notwithstanding these grievance provisions, prior to this lawsuit, *none* of the named plaintiffs nor any of the current opt-in individuals ever filed a grievance or demand for arbitration relating to the Hospital's alleged failure to provide compensation for time worked during a bona fide meal break or training sessions or for overtime pay. *See* Griffin-Mahon Decl., ¶ 6.

4

# LEGAL ARGUMENT

## POINT I

### PLAINTIFFS ALAMU'S AND COOPER-DAVIS' FLSA CLAIMS ARE TIME-BARRED

Plaintiff Olusola Alamu, a member of NYSNA,[5] was a full-time Staff Nurse in the Concourse Division's third floor Gastrointestinal Diagnostic Unit from May 6, 2002 to February 1, 2008, and was assigned to the day shift from April 16, 2007 to February 1, 2008. *See* Griffin-Mahon Decl., ¶ 7; *see also* Exhibit "A," ¶ 91. Alamu's employment with the Hospital ceased more than three years prior to the commencement of this action. *Id.* Accordingly, Alamu's FLSA claims are time-barred even under the statute's extended three-year statute of limitations. *See* 29 U.S.C. § 255(a) (the statute of limitations on FLSA claims is two years, or three years if the defendant's violation was willful).

Plaintiff Jacqueline Cooper-Davis, a member of 1199, was employed by the Hospital from May 1, 1995 to September 21, 1997 and from January 25, 1999 to March 6, 2006 as a Licensed Practical Nurse in the Concourse Division. *See* Griffin-Mahon Decl., ¶ 8; *see also* Exhibit "A," ¶ 92. Like Alamu, Cooper-Davis' employment with the Hospital admittedly ceased more than three years ago, and therefore, her FLSA claims are barred as well by the applicable statute of limitations. *See* 29 U.S.C. § 255(a).

---

[5] Plaintiffs erroneously contend in their complaint that Alamu was a member of 1199. *See* Plaintiffs' Complaint, ¶ 91.

## POINT II

## PLAINTIFF KOZINSKAIA'S FLSA CLAIM IS FACIALLY INSUFFICIENT

Plaintiff Alla Kozinskaia, a member of 1199, was a *part-time* Registered Respiratory Therapist in the Concourse Division's Respiratory Therapy Department from April 14, 2008 to November 15, 2009. Kozinskaia concedes that she was scheduled to work, at most, 23 hours per week. *See* Griffin-Mahon Decl., ¶ 9; *see also* Exhibit "A," ¶ 93. Kozinskaia's claims fail because she does not even contend, much less establish through specific factual pleading allegations, the trigger of an overtime claim, namely that she was required to work *more than* 17 additional hours *per week* during her regularly scheduled 23-hour workweek as a result of missed meal breaks, training time, or pre- and postliminary work. *See id.*; *see also Mota v. Imperial Parking Sys.*, 2010 U.S. Dist. LEXIS 87593 (S.D.N.Y. Aug. 24, 2010) (FLSA only requires premium pay for hours in excess of forty worked in a given week) (*citing* 29 U.S.C. § 207(a)); *Conzo v. City of New York*, 667 F. Supp. 2d 279, 284 (S.D.N.Y. 2009) (FLSA overtime requirements inapplicable until statutory overtime requirement of 40 hours per week is exceeded).

Moreover, Kozinskaia concedes that she only attended, at most, *one* training session for four hours during her *entire* employment tenure with the Hospital.[6] *See* Exhibit "A," ¶ 93. Plaintiffs' complaint is devoid of the factual allegations necessary to establish that this one training session brought her regularly scheduled 23-hour workweek above the 40-hour threshold. Kozinskaia's part-time status renders her pleadings clearly insufficient and implausible.

---

[6] Specifically, Kozinskaia concedes that she only attended a CPR training which was scheduled once every two years for four hours. Kozinskaia only worked for the Hospital for less than two years. *See* Plaintiffs' Complaint, ¶ 93.

6

4930679.7

Kozinskaia's attempt to premise her claim upon a one time occurrence and her failure to plausibly allege that she worked over 40 hours in a specific workweek requires the dismissal of her claims at the pleading stage. *See, e.g., Acosta v. The Yale Club of New York City*, 1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 12, 1995) (dismissing FLSA complaint where plaintiffs "cite various instances when they worked several extra hours in a given day" but did not "offer any examples of situations when management employed them for more than 40 hours in a week without paying them overtime").

## POINT III

### THERE IS NO BASIS FOR INDIVIDUAL LIABILITY FOR ALLEGED OVERTIME VIOLATIONS

Plaintiffs have asserted strikingly similar boilerplate allegations regarding the individually named Bronx-Lebanon defendants and the individually named defendants in *Nakahata*. Like the allegations in *Nakahata*, plaintiffs' bald, conclusory allegations at bar are devoid of any factual support and clearly fail to meet the pleading threshold to establish individual liability under the FLSA or NYLL as a matter of law.[7] It is well settled that for individuals to be liable for statutory overtime violations, plaintiffs must proffer, at a minimum, evidence with sufficient factual support that they controlled the employee's work schedules or conditions of employment and determined the rate and method of payment.[8] *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003).

---

[7] Defendants respectfully refer the Court to *Nakahata* Brief No. 1, Point II (A), (B), and (C), for a further discussion of this basis for dismissal of the individually named defendants.

[8] The standard for statutory wage liability on individual defendants is the same under federal and state law. *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) (holding that the NYLL and the FLSA "embody similar standards" with respect to the definition of "employer").

Plaintiffs do *not* allege that the individual defendants specifically controlled the terms and conditions of the named plaintiffs' employment with the Hospital. Instead, plaintiffs assert irrelevant allegations regarding Mr. Fuentes' involvement in modernization projects, his charity work, the purported requirements for him to receive a bonus, and his involvement in strike negotiations. *See* Exhibit "A," ¶¶ 42, 43, 46-48, 55. Plaintiffs merely allege in an utterly conclusory and formulaic fashion the elements of the "economic reality" test. Plaintiffs have failed to include a single specific factual detail to demonstrate that the individual defendants exercised any of their purported authority over any of the plaintiffs' terms of employment.

It is well settled that plaintiffs' conclusory allegations that the individual defendants are, in essence, individually liable by virtue of their titles alone, is simply insufficient to withstand a motion to dismiss. *Bravo v. Eastpoint Int'l, Inc.*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) (dismissal against individual defendant where plaintiffs alleged no facts establishing "power to control the plaintiff workers"); *Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sep. 30, 2009) (rejecting assumption that job titles alone mean that individuals had authority to take actions comprising the FLSA test for employer status, and that such authority meant actions were actually taken), *adopted in part*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ("[M]ere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details — essentially 'a formulaic recitation of the elements of a cause of action' — are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA.").

8

## CONCLUSION

For the foregoing reasons, and for the reasons incorporated herein from the *Nakahata* pre-answer motions to dismiss, it is respectfully requested that this Court grant the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' complaint in its entirety with prejudice, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
February 21, 2012

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Ricki E. Roer
Nancy V. Wright
Scott R. Abraham
Attorneys for Defendants
**BRONX-LEBANON HOSPITAL CENTER, MIGUEL A. FUENTES, JR.,** and **SHELDON ORTSMAN**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.: 08981.00063